UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LON L. HAMPTON,

        Plaintiff,

v.

DEPARTMENT OF VETERANS
AFFAIRS et al.,

        Defendants.
_____/

Case No. 2:17-cv-171

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ojibway Correctional Facility (OCF) in Marenisco, Gogebic County, Michigan.

The events about which he complains, however, occurred prior to his incarceration. Plaintiff sues the Department of Veterans Affairs, the Michigan Attorney General, City of Niles Police Department, Berrien County Jail, Trial Attorney Paul Jancha, Appellate Attorney Gary L. Kohut, Replacement Appellate Attorney William H. Archer, and father of alleged victim Emmanuel Quaye.

Plaintiff alleges that all of the named Defendants acted in ways that led to him being falsely charged and convicted of first-degree criminal sexual conduct. Defendant Department of Veterans Affairs evicted him from his housing in 2008. Plaintiff subsequently rented a basement apartment from Defendant Quaye's ex-wife. In order to get Plaintiff to move out of the apartment, Defendant Quaye convinced his fifteen-year-old daughter to accuse Plaintiff of sexually assaulting her. Plaintiff was arrested and falsely charged with drinking and drug usage. Plaintiff was taken to the police station, where he was beaten. Plaintiff was subsequently charged with first-degree criminal sexual conduct because he was a "family member," although Plaintiff states he is not related to the victim in any way. Plaintiff claims that he is incarcerated as the result of false charges in violation of his constitutional rights. Plaintiff seeks damages and injunctive relief.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is clear from Plaintiff's complaint that he is challenging the validity of his conviction and continued incarceration. Claims which implicate the fact or duration of confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). A claim that has been brought pursuant to Section 1983, may not be construed as a habeas corpus claim. *See Barnes v. Lewis*, No. 93-5698, 1993

WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).[1]

In addition, the related damages claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997). A claim for damages which hinges upon the validity of a conviction affecting the length of a prisoner's sentence does not accrue and is therefore not cognizable under Section 1983 until plaintiff has first established the invalidity of the conviction in the state courts or through a habeas corpus proceeding. Proof of the illegality of a conviction is a necessary element of the § 1983 cause of action. Unless a conviction has been reversed, there has been no injury of constitutional proportions, and thus no § 1983 suit may exist. *Heck v. Humphrey*, 512 U.S. at 482, 114 S. Ct. at 2370; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

When a prisoner seeks money damages in a Section 1983 action for the collateral consequences of an allegedly invalid conviction, he necessarily requires the Court to assess the validity of the underlying conviction. As declared in *Preiser* and reiterated in *Heck*, a challenge to the validity of a matter requiring habeas corpus scrutiny is not cognizable under Section 1983.

---

[1] Moreover, it does not appear that plaintiff has exhausted his state court remedies as required for habeas corpus claims pursuant to 28 U.S.C. § 2254(b)(1).

Further, pursuant to *Heck*, a damages claim arising out of the same challenge, which is cognizable under Section 1983, does not accrue until Plaintiff has had the conviction reversed or set aside. *Schilling*, 58 F.3d at 1086.

In *Edwards*, the Court cited *Heck* for the proposition that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or sentence, a plaintiff must prove that the conviction or sentence has been overturned. *Id.* 520 U.S. at 641-2, 117 S. Ct. at 1586 (citing *Heck*, 512 U.S. at 486-487). The Supreme Court then noted that the Ninth Circuit "was incorrect in asserting that a claim seeking damages only 'for using the wrong procedure, not for reaching the wrong result' . . . would never be subject to the limitation announced in *Heck*." *Edwards*, 520 U.S. 646, 117 S. Ct. at 1588. The Supreme Court went on to hold that where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim for money damages is not cognizable under § 1983. *Edwards*, 520 U.S. 648, 117 S. Ct. at 1589. Finally, the Court held that a stay of a § 1983 claim while a plaintiff seeks the restoration of good-time credits would be inappropriate because § 1983 contains no judicially imposed exhaustion requirement. Rather, "a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.*

Thus, since Plaintiff has not yet established the invalidity of the misconduct ticket in the state courts or in a federal habeas action, his related Section 1983 claim for damages has not yet accrued. Accordingly, Plaintiff's complaint is properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: March 30, 2018                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge